## O. J. BLACKMAN v. COMMONWEALTH.

ERROR TO THE COURT OF QUARTER SESSIONS OF SCHUYLKILL COUNTY.

Argued February 19, 1889—Decided March 18, 1889.

1. Where, on the trial of an indictment, the defendant may interpose the limitation of § 77, act of March 31, 1860, P. L. 450, it is the better practice, yet not essential, to aver in the indictment the facts relied upon to bring the case within the terms of the proviso to said section.
2. So, when the offence is laid in the indictment to have been committed within the period limited in the section, the commonwealth may prove, without an averment of it in the bill, that the defendant was not an inhabitant of the state, or usual resident therein, within the said period.
3. And where the commonwealth has proved the commission of the offence, the issuance of a warrant for the arrest of the defendant and his flight, his absence from his usual place of residence within the state, and the efforts to learn his whereabouts with a view to his arrest, a prima facie case within the proviso has been established.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MC-COLLUM, JJ.

No. 21 January Term 1888, Sup. Ct.; court below, No. 2,053 July Term 1886, Q. S.

On September 10, 1886, the grand jury returned as a true bill an indictment that Oliver J. Blackman on July 1, 1885,

did commit fornication with a certain Lydia Ann Lechner, and a female bastard child did beget, contrary, etc. The defendant pleaded, not guilty.

At the trial on September 15, 1886, Lydia Ann Lechner, the prosecutrix, was called for the commonwealth, when the following offer was made:

" Commonwealth offers to prove the offence, then to follow it with evidence that the defendant was a fugitive; that the child was begotten in 1881; that in November, 1881, information was made against defendant before John E. Fertig, a justice of the peace, a warrant issued and placed in the hands of William Brown, constable; that search was made for defendant and he could not be found; that about a year thereafter prosecutrix received information that defendant was living in the state of New York; with other evidence that defendant was not a resident of this state for two years preceding the finding of this indictment."

The defendant objected: The indictment avers fornication committed July 1, 1885; the offer is to prove a crime more than two years prior to that time; the proof offered to show that the case comes within the exception to the act, can only apply where the true time is laid in the indictment and the facts set out therein bring it within the exceptions.

By the court: Offer admitted; exception.[1]

The commonwealth then proved that the child was begotten by the defendant in January, 1881, and was born October 17, 1881; that about six weeks before the child was born, the defendant who then lived in the county, started away with the prosecutrix promising to marry her, but deserted her on the journey; that the warrant for his arrest was issued in March, 1882, and the constable holding it, as well as the justice who issued it, made unsuccessful efforts to find the defendant by search and inquiry within the state where it was reported he might be found. He was eventually arrested in June, 1886.

No testimony was offered on the part of the defendant.

The court, PERSHING, P. J., charged the jury inter alia:

[If the jury find from the evidence that the defendant had run away from the county for the purpose of preventing his arrest, and remained away under circumstances which baffled all efforts made to find him, he might be convicted whether

his place of concealment was within or without the state. . . . . . The meaning of the statute, we think, is, that where any offender shall not have been an inhabitant of the state, or, if within the state, he leaves his usual place of residence therein and thus frustrates any attempt to arrest him, he cannot avail himself of the statute of limitations if, as was the fact in the case in hand, he is indicted within the time prescribed after his return to his customary residence.] [2]

The jury returned a verdict that the defendant was guilty. Motions in arrest of judgment and for a new trial were then made on behalf of the defendant, which, in an opinion filed on July 11, 1887, citing § 77, act of March 31, 1860, P. L. 450; Commonwealth v. Haas, 57 Pa. 443; Roosevelt v. Kellogg, 20 Johns. 208; Graham v. Commonwealth, 51 Pa. 255; Commonwealth v. The Sheriff, 3 Brewst. 394; 1 Whart. Crim. Law, § 446; Bishop, Crim. Proc., § 405; People v. Van. Santvoord, 9 Cow. 655; Commonwealth v. Ruffner, 28 Pa. 259, were overruled. The usual judgment was then passed upon the defendant, when he took this writ and assigned as error:

1. The admission of plaintiff's offer.[1]
2. The charge to the jury embraced in [ ] [2]

*Mr. John A. Nash* (with him *Mr. Arthur L. Shay* and *Mr. Geo. J. Wadlinger*), for the plaintiff in error:

Counsel cited: Commonwealth v. Ruffner, 28 Pa. 259; Commonwealth v. Haas, 57 Pa. 443; 1 Wharton, Crim. Law, § 446; 1 Bishop, Crim. Proc., § 401; Graham v. Commonwealth, 51 Pa. 255; Commonwealth v. The Sheriff, 3 Brewst. 394.

*Mr. F. W. Bechtel* (with him *Mr. W. J. Whitehouse, District Attorney*), for the defendant in error:

Counsel cited: § 77, act of March 31, 1860, P. L. 450; United States v. White, 5 Cranch. C. C. 44; Graham v. Commonwealth, 51 Pa. 255.

Opinion, Mr. Chief Justice Paxson:

The plaintiff in error was convicted in the court below of fornication and bastardy. The offence was committed in 1881: the indictment was found September 10, 1886, and it charged

the offence as having been committed on the first day of July, 1885. Upon the trial below, the commonwealth offered " to prove the offence, then to follow it by evidence that the defendant was a fugitive ; that the child was begotten in 1881 ; that in November, 1881, information was made against defendant before John E. Fertig, justice of the peace ; a warrant issued and placed in the hands of William Brown, constable ; that search was made for defendant and he could not be found ; that about a year thereafter the prosecutrix received information that defendant was living in the state of New York ; with other evidence that defendant was not a resident of this state for two years preceding the finding of this indictment." The purpose of this offer was manifestly to show that the defendant was a fugitive and not entitled to claim the protection of the statute of limitations. It was objected to for the reason that " the proof· offered to show the case comes within the exception to the act can only apply where the true time is laid in the indictment and the facts set forth therein, which brings it within the exception."

This presents a question of pleading merely. It is clear that the evidence would have been sufficient to bring the defendant within the exception of the statute of limitations, had the bill been found in 1881, with an averment of the facts above stated. As a general rule in criminal pleading the offence may be proved on any day prior to· the one named in the indictment. In a case where the statute may be interposed, and the commonwealth alleges the defendant comes within the exception to the statute, the better practice is to aver in the indictment the facts relied upon to toll the statute. We do not regard this as essential, however, and we would be exceedingly loth to reverse for such a technical reason after a trial and conviction upon the merits. The true rule is thus stated by Mr. Wharton in his work upon Criminal Law, at page 446 : " Although the offence, on the face of the indictment, is outside the statute, yet the prosecution may prove, without averring it in the indictment, that the defendant, having fled the state, was within the exception of the statute." It is true the offence here is not laid outside the statute ; it is laid within the statute, and the case is proved outside of it, but the principle applicable is the same. The indictment might well have been found notwith-

standing the defendant's flight.　An averment therein of such flight would have been a sufficient answer to any objection that the defendant had not been arrested and bound over in the usual manner.　Indeed, indictments are frequently found for the purpose of obtaining a requisition to bring the offender back to the jurisdiction from which he fled.　This disposes of the first assignment.

In the second assignment it is alleged the court below erred in instructing the jury that if they " find from the evidence that the defendant had run away from this county for the purpose of preventing his arrest, and remained away under circumstances which baffled all efforts made to find him, he might be convicted whether his place of concealment was within or without the state."　The proviso to the 77th section of the act of March 31, 1860, is as follows : " Provided, however, that if the person against whom such indictment shall be brought or exhibited, shall not have been an inhabitant of this state, or usual resident therein, during the said respective terms 'for which he shall be subject and liable to prosecution as aforesaid, then such indictment shall or may be brought or exhibited against such person at any period within a similar space of time during which he shall be an inhabitant of, or usually resident within this state."

When we examine the instructions of the court in the light of the facts, and of the above proviso, we find no error.　The commonwealth has proved the commission of the offence ; the issuing of the warrant for the arrest of the defendant and his flight ; his absence from his usual place of residence within the state, and the efforts to ascertain his whereabouts with a view to his arrest.　Must the commonwealth go further and prove a negative, that the defendant was not an inhabitant or resident of the state until within two years of finding the indictment ? While he was so effectually concealed that the officers could not find him, must the prosecution prove that his concealment was beyond the borders of the state ?　We think not.　It would place an unreasonable burden upon the commonwealth ; it would require proof of a fact not within the knowledge of its officers, and what is peculiarly within the knowledge of the defendant.　On this subject, Wharton's Crim. Law, p. 614, says : " When the subject of the exception relates to the defendant,

or is peculiarly within his knowledge, the negative need not be proved by the prosecutor, but, on the contrary, the affirmative must be proved by the defendant as a matter of defence." The commonwealth having proved that he fled from his usual place of residence within this state for the manifest purpose of avoiding arrest, and that he could not be found here, has made out a prima facie case. If the defendant was hiding within the state instead of outside of it, it was a fact peculiarly within his own knowledge, and he was a competent witness to prove it. Had he done so, he would have been in a position to raise the question, whether a fugitive from justice who effectually secretes himself within the state, and thus baffles all attempts to arrest him until the statute has run, can then emerge from his hiding place and successfully plead the statute of limitations. We will decide such question when it is fairly raised. The language of the learned judge below upon this point, whether accurate or not, did the defendant no harm.

Judgment affirmed.