454 A.2d 1140

**COMMONWEALTH of Pennsylvania**

v.

**Robert S. STAUFFER.**

Superior Court of Pennsylvania.

Argued Jan. 6, 1982.

Decided Dec. 30, 1982.

Petition for Allowance of Appeal
Denied April 19, 1983.

178

Robert C. Wise, Williamsport, for appellant.

Kenneth D. Brown, District Attorney, Williamsport, submitted a brief on behalf of Commonwealth, appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

SPAETH, Judge:

Appellant, a former Director of the Pennsylvania Department of Agriculture, was convicted by a jury of unlawfully soliciting political contributions from classified civil service employees. On appeal from the judgment of sentence, he argues that: 1) the pre-trial judge erred in permitting the Commonwealth to amend the information to allege facts tolling the statute of limitations; 2) Section 905 of the Pennsylvania Civil Service Act, Act of August 5, 1941, P.L. 752, Art. IX, § 905, 71 P.S. § 741.905, is unconstitutional; 3) his prosecution was selective and discriminatory; 4) the trial judge erred in admitting into evidence testimony concerning count 12, which was barred by the statute of limitations; 5) the trial judge's charge to the jury was inadequate; and 6) the trial judge abused his discretion by sentencing appellant to imprisonment rather than probation. We are not persuaded by any of these arguments, and therefore affirm.

–1–

Section 905 of the Pennsylvania Civil Service Act, *supra,* provides:

No person shall orally or by written or printed communication, directly or indirectly, demand, solicit, collect or receive or be in any manner concerned in demanding, soliciting, collecting or receiving any money or valuable thing or any assessment, subscription or contribution, whether voluntary or involuntary, from any officer or employe in the classified service for any political purpose whatever. No person in the classified service shall orally or by written or printed communication, directly or indirectly, demand, solicit, collect or receive or be in any manner concerned in demanding, soliciting, collecting or receiving any money or valuable thing for any political purpose whatever. No person in the service of the Commonwealth shall remove, suspend, furlough, demote or promote or in any manner change the official status or compensation of any other person in the classified service or promise or threaten to do so for withholding or ne-

glecting to make any contribution of money or service or other valuable thing for any political purpose. No person shall take part in preparing any political assessment, subscription or contribution with the intent that the same shall be sent or presented to or collected from any person in the classified service, and no person shall knowingly send or present, directly or indirectly, in person or by letter, any political assessment, subscription or contribution to, or request its payment by, any person in the classified service.

71 P.S. § 741.905.

Section 903 of the Act provides that a wilful or culpably negligent violation of Section 905 is a misdemeanor. 71 P.S. § 741.903.

Several witnesses, all public employees, testified that appellant, who was their superior, requested political contributions from them, usually once or twice a year around the time of elections. The Commonwealth presented 26 checks representing political contributions that the witnesses gave to appellant or mailed to the Committee Headquarters at his request. The amount of the checks ranged from $10 to $150. The checks were issued in the years 1975 through 1978, except for one check, which was dated September 28, 1973.[1] Each check was the basis of a separate count of unlawful solicitation of political contributions.

The original information charged that appellant did "unlawfully, while a classified civil service employee," solicit political contributions from another officer or employee in the classified service. As thus alleged, 16 of the 26 counts were barred by the two year statute of limitations. 42 Pa.C.S.A. § 5552(a). Appellant, however, was not a classified civil service employee but a public officer. 42 Pa.C.S.A. § 5552(c)(2) provides that in the case of a public officer, prosecution may be commenced for

[a]ny offense committed by a public officer or employee in the course of or in connection with his office or

---

1. This check is the subject of count 12, which is barred by the statute of limitations.

employment at any time when the defendant is in public office or employment or within five years thereafter, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than eight years. 42 Pa.C.S.A. § 5552(c)(2).

Accordingly, the Commonwealth asked, and was granted, leave to amend the information. In place of the phrase, "classified civil service employee," the Commonwealth substituted the phrase, "while a public officer or employee in the course of or in connection with his office or employment."

Pa.R.Crim.P. 229 provides:

The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

The purpose of an information is to give the defendant sufficient notice to enable him to prepare a defense and to insure that he is not tried twice for the same offense. *Commonwealth v. Rolinski*, 267 Pa.Super. 199, 406 A.2d 763 (1979). Here, the original information notified appellant that he was being charged with soliciting political contributions from employees who were under his supervision. Appellant could not have misunderstood this charge. He knew that it concerned activity "in the course of or in connection with his office or employment." He also knew that in describing him as a "classified civil service employee," the information was mistaken. Thus, the amendment neither surprised appellant nor otherwise prejudiced him in his defense, and it did not charge an additional or different offense. We therefore hold that the lower court did not err in allowing the Commonwealth to amend the information. In *Blackmun v. Commonwealth*, 124 Pa. 578, 17 A. 194 (1889), the Court said:

As a general rule in criminal pleading the offence may be proved on any day prior to the one named in the indictment. In a case where the statute may be interposed, and the commonwealth alleges the defendant comes within the exception to the statute, the better practice is to aver in the indictment the facts relied upon to toll the statute. We do not regard this as essential, however, and we would be exceedingly loth to reverse for such a technical reason after a trial and conviction upon the merits.

*Id.*, 124 Pa. at 581, 17 A. at 194–95.

–2–

In challenging the constitutionality of Section 905 of the Pennsylvania Civil Service Act,[2] 71 P.S. § 741.905, appellant argues that the section is vague and overbroad and "infringe[s] on appellant's first amendment rights of free speech, due process, and equal protection under both the Pennsylvania and U.S. Constitutions." Brief for Appellant at 14. In appellant's view, the section fails to distinguish between prohibited conduct and constitutionally permissible speech, thereby chilling his exercise of his right of free speech.

 Without doubt, the government may place restrictions on the political activities of its employees in order to maintain their integrity and impartiality and thereby promote efficiency in the civil service. *See C.S.C. v. Letter Carriers*, 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973); *United Public Workers v. Mitchell*, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947); *Ex Parte Curtis*, 106 U.S. 371, 1 S.Ct. 381, 27 L.Ed. 232 (1882). In *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973), the Court examined an Oklahoma statute[3] very similar to Section 905 of the Pennsylvania act, and found it neither vague nor

**2.** The Act is sometimes called the "Little Hatch Act" because it is patterned after the federal Hatch Act, which prohibits political activity by certain federal employees. 5 U.S.C. § 1501–1508, 7321–7327.

**3.** No employee in the classified service, and no member of the Personnel Board shall, directly or indirectly, solicit, receive, or in

overbroad. Said the Court: "We have little doubt that [the statute] is ... not so vague that 'men of common intelligence must necessarily guess at its meaning' .... Whatever other problems there are with [the statute], it is all but frivolous to suggest that the section fails to give adequate warning of what activity it proscribes or fails to set out 'explicit standards' for those who must apply it." *Id.* at 607, 93 S.Ct. at 2913 (citations omitted). The Court also said: "Although such laws, if too broadly worded, may deter protected speech to some unknown extent, there comes a point where that effect—at best a prediction—cannot, with confidence, justify invalidating a statute on its face and so prohibiting a State from enforcing the statute against conduct that is admittedly within its power to proscribe." *Id.* at 615, 93 S.Ct. at 2917–18. The Court concluded that the statute was valid insofar as it forbid classified employees from soliciting political contributions: "It is our view that [the statute] is not substantially overbroad and that whatever overbreadth may exist should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied." *Id.* at 615–16, 93 S.Ct. at 2918 (footnote omitted). On the facts before it, the Court found that the defendants' conduct of actively engaging in partisan political activities (including the solicitation of money) fell squarely within the "hardcore" of the statute's proscriptions. *Id.* at 608, 93 S.Ct. at 2914.

Given the similarity of the statutes involved, *Broadrick* is controlling. Moreover, we have already applied *Broadrick,* in upholding the "anti-macing" statute, in *Commonwealth v. Tiberi,* 239 Pa.Super. 152, 361 A.2d 318 (1976). There the statute read, in part: "It shall be unlawful for any ... public officer or employee ... directly or indirectly, to

> any manner be concerned in soliciting or receiving any assessment, subscription or contribution for any political organization, candidacy or other political purpose; and no state officer or state employee in the unclassified service shall solicit or receive any such assessment, subscription or contribution from an employee in the classified service.
>
> Okla.Stat.Ann., Tit. 74 § 818 (1965).

demand from any [person] engaged or employed in the service of the Commonwealth ... any assessment ... with the understanding, express or implied, that the same may be used or shall be used for political purposes." 25 P.S. § 2374. We found these provisions neither vague nor overbroad. The appellant argued that the statute might "deter government employees from merely soliciting money for political purposes, since solicitations might be erroneously interpreted as a demand." 239 Pa.Super. at 158, 361 A.2d at 321. We held, however, that even if the statute did have a chilling effect on solicitation, it was valid, for mere solicitation could also be prosecuted. Citing *Broadrick*, among other cases, we said: "[T]he Supreme Court has held that political fund raising among government workers is a proper area for legislative concern and regulation. In the instant case, since our legislature could have constitutionally prohibited *all* fund raising efforts among government workers, the anti-macing statute which, by proscribing demands for money, has only a chilling effect on solicitation and receipt is surely constitutional." *Id.*, 239 Pa.Superior Ct. at 160, 361 A.2d at 322 (emphasis in original).

The legislature *has* prohibited all political fund raising among government workers by enacting Section 905. In light of *Broadrick* and *Tiberi*, we hold that Section 905 is neither vague nor overbroad.[4]

–3–

Appellant's argument that his prosecution was selective and discriminatory is also without merit.

■ Selective and discriminatory prosecution is a violation of the fourteenth amendment. *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1885). Only purposeful discrimination is violative, however. *Snowden v. Hughes*

4. Section 904 of the statute, 75 P.S. § 741.904, which prohibits political activity (as opposed to Section 905's prohibition of political assessments) has also been held constitutional. *See Farview State Hospital v. Urda*, 23 Pa.Commw.Ct. 607, 353 A.2d 61 (1976). Section 904 contains a prohibition as expansive as any contained in Section 905, providing, *inter alia*, that "[n]o person in the classified service shall ... in any manner participate in or interfere with the conduct of any election..." 71 P.S. 741.904.

321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1943). "A purposeful discrimination must be shown and we cannot presume such discrimination." *Goodman v. Kennedy*, 459 Pa. 313, 329 A.2d 224 (1974). We find nothing in the record indicating that appellant's prosecution was the result of purposeful discrimination.

–4–

Throughout the trial, appellant's counsel objected to any evidence on count 12 on the ground that prosecution on that count was barred by the statute of limitations. The trial judge, however, admitted the evidence, and the jury returned a verdict of guilty on all counts, including count 12. Count 12 arises from a check dated September 28, 1973, and signed by Robert J. Weidner. Weidner testified that he believed that appellant held up his promotion until he gave a $100 contribution, represented by the check, on September 28, 1973. Weidner also testified that each year appellant solicited a political contribution, saying, "Well, it's about this time of year." N.T. 41. Four other Commonwealth witnesses testified that they too were approached by appellant for contributions in the years 1975 through 1978. Weidner, however, was the only witness who claimed appellant had held up his promotion. Appellant argues that Weidner's testimony concerning the promotion was prejudicial and should not have been admitted.

It is true that after the trial, the lower court decided that prosecution on count 12 was barred by the statute of limitations. It does not follow, however, that it was error to admit evidence on count 12.

Generally, evidence of other crimes is inadmissible to prove the crime for which the defendant is being tried. *E.g., Commonwealth v. Stanley*, 484 Pa. 2, 398 A.2d 631 (1979); *Commonwealth v. Jones*, 248 Pa.Super. 214, 375 A.2d 63 (1977). However, important exceptions exist, as, for example, where evidence of other crimes is relevant to prove motive, intent, absence of mistake or accident, a common scheme, plan or design, or identity. *E.g., Commonwealth v. Stanley, supra; Commonwealth v. Peter-*

*son,* 453 Pa. 187, 307 A.2d 264 (1973); *Commonwealth v. Wable,* 382 Pa. 80, 114 A.2d 334 (1955). The common basis of these exceptions is that there must be a logical connection between the prior crime and the crime charged, so that "proof of one will naturally tend to show that the accused is the person who committed the other." *Commonwealth v. Wable, supra,* 382 Pa. at 84, 114 A.2d at 336. Weidner's testimony fit into the exception of a common scheme, plan or design. By showing that it was appellant's practice to solicit those under him, and that as part of that practice he was solicited, Weidner's testimony corroborated the testimony on the other counts.

The fact that Weidner's testimony was relevant was not enough to ensure its admissibility, for the need for the evidence had to be balanced against its prejudicial effect on appellant. *Commonwealth v. Hude,* 256 Pa.Super. 439, 390 A.2d 183 (1978); *Commonwealth v. Wright,* 259 Pa.Super. 293, 393 A.2d 833 (1978); *Commonwealth v. Ulatoski,* 472 Pa. 53, 371 A.2d 186 (1977). The trial judge should exclude the "other crimes evidence, even when it has substantial independent relevancy, if in his judgment its probative value for this purpose is outweighed by the danger that it will stir such passion in the jury as to sweep them beyond a rational consideration of guilt or innocence of the crime on trial." J. McCormick, Evidence § 190 at 453–54 (footnote omitted) (2d ed. 1972). *See also Commonwealth v. Ulatoski, supra,* 472 Pa. at 63 n. 11, 371 A.2d at 191 n. 11 (1977). We do not believe that Weidner's testimony concerning the withholding of his promotion was of such a character as to interfere with a rational consideration by the jury of appellant's guilt on the other counts.

–5–

■■■ Appellant's argument that the charge did not adequately reflect the law on the element of intent is without merit. A charge must be read as a whole and will be upheld if it adequately reflects the law and is sufficient to guide the jury in its deliberations. *Commonwealth v. Peterson,* 271 Pa.Super. 92, 412 A.2d 590 (1979). Here the charge adequately instructed the jury that it could not find

appellant guilty unless it found that he had acted with criminal intent. N.T. 145–46.

–6–

Appellant's final argument is that the lower court abused its discretion in sentencing him to imprisonment rather than probation. This argument, however, has not been preserved for our review. Appellant filed a Motion for Modification of Sentence, but in that motion he did not argue that he should have been sentenced to probation; he only requested that the court suspend imposition of sentence pending disposition of this appeal, and in response, the court granted a supersedeas and ordered that appellant be continued on bail. Pa.R.Crim.P. 1410 requires the defendant to file a written motion for modification of sentence within ten days after imposition of sentence. "The purpose of this rule is to allow the sentencing court the first opportunity to modify its sentence." *Commonwealth v. Koziel*, 289 Pa.Super. 22, 432 A.2d 1031 (1981). Pa.R. App.P. 302(a) provides that issues not raised in the trial court are waived and cannot be raised for the first time on appeal.

The judgment of sentence is affirmed.