577 A.2d 603

**COMMONWEALTH of Pennsylvania**

**v.**

**Albert William SPERRY, Appellant.**

Superior Court of Pennsylvania.

Argued April 25, 1990.

Filed July 2, 1990.

James Cunilio, Bryn Mawr, for appellant.

Patricia V. Radisch, Asst. Dist. Atty., Glen Mills, for Com., appellee (submitted).

Before CIRILLO, President Judge, and CAVANAUGH, ROWLEY, WIEAND, OLSZEWSKI, DEL SOLE, TAMILIA, JOHNSON and HUDOCK, JJ.

TAMILIA, Judge:

This is an appeal from the August 22, 1988 Order of court dismissing appellant's petition to withdraw guilty pleas and vacate judgments of conviction pursuant to the Pennsylvania Motor Vehicle Code. Appellant was charged with violating 75 Pa.C.S. § 1543, Driving while operating privilege is suspended or revoked,[1] on five separate occasions dating

---

1. Section 1543 provides, inter alia:

   (a) **Offense defined.**—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

from October 1982 to October 1984.[2] On a sixth occasion, April 26, 1985, he was charged with violating 75 Pa.C.S. § 6503, Subsequent convictions of certain offenses. The violations occurred in the following municipalities on the following dates:

1. Media Borough—October 7, 1982
2. Marple Borough—October 12, 1982
3. Collingdale Borough—November 28, 1982
4. Sharon Hill Borough—July 5, 1984
5. Sharon Hill Borough—October 4, 1984
6. Sharon Hill Borough—April 26, 1985

Appellant pled guilty to each of the six violations above and paid $200 in fines and costs for each conviction.

Subsequently, appellant moved to Florida and attempted to obtain a drivers license. His application for a Florida drivers license was denied because his license was suspended in Pennsylvania. In fact, appellant's driving privileges in this Commonwealth have been suspended for approximately twelve and one-half (12½) years as a result of the six convictions discussed above, and he is, therefore, unable to have his driving privileges restored until February 11, 1994. In an attempt to clear his record, appellant filed a petition to withdraw the guilty pleas, which the trial court denied. This appeal followed.

Appellant contends his guilty pleas are invalid because he was unaware he was entitled to a jury trial and was not given notice of any sentence enhancement provision. To support his claim, appellant points out that although he was convicted under section 1543, which by its own terms is a summary offense statute, he was susceptible to application of the enhancement provision under the subsequent conviction section, section 6503, which at the time of the offenses authorized a maximum prison term of one year.[3] This

**2.** We also note appellant was previously convicted of violating section 1543 on April 10, 1981 in Lower Merion Township and fined $200, but appellant has not challenged that conviction here.

**3.** At the time of the offense, section 6503, in pertinent part, stated:

being so, appellant asserts he is entitled to a jury trial pursuant to *Commonwealth v. Mayberry*, 459 Pa. 91, 327 A.2d 86 (1974), and the failure of the various trial courts to inform him of this right vitiates his guilty pleas.

■ Furthermore, appellant argues the district justices did not have subject matter jurisdiction to dispose of these six violations. Appellant claims that because 18 Pa.C.S. § 106(b)(8) classifies third-degree misdemeanors as crimes punishable by up to one year in prison, a repeat offense of driving while under suspension is a misdemeanor, and as such, district justices have no jurisdiction over these types of cases.[4] We reject appellant's claims as to the first five convictions as being without merit but find merit to his claims as to the sixth conviction for reasons other than he suggests.

■ Despite appellant's contentions, the record shows without question that appellant pled guilty to each of the first five separate offenses before different district justices,

> Every person convicted of a second or subsequent violation of any of the following provisions shall be sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than one year or both:
>
> . . . . .
>
> Section 1543 (relating to driving while operating privilege is suspended or revoked).
>
> . . . . .
>
> P.L. 544, No. 96, § 3, effective in 60 days.
>
> Following the 1986 amendment, the statute provided for a maximum prison term of six months, to comply with the decision in *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), which held that a defendant was entitled to a jury trial whenever he was prosecuted for an offense punishable by a sentence of imprisonment of more than six months.

4. Although appellant relies on an unpublished Memorandum as support for this claim, we hasten to note that such Memoranda have no precedential value and will not be considered here. However, we would point out, as we found in *Commonwealth v. Lyons*, 395 Pa.Super. 184, 576 A.2d 1105 (1990), that in light of 75 Pa.C.S. § 6502(c), (providing that the Crimes Code is inapplicable to vehicle violations insofar as it relates to fines and imprisonment for convictions of summary offenses) renders this argument untenable. This issue cannot be resolved on the statutory designation of the offenses under either the Crimes Code or the Vehicle Code.

who viewed each offense as an *initial* offense. In each of these five cases, the Commonwealth opted to charge appellant under section 1543 *supra,* a summary offense statute, and therefore the district justices had before them only a charge of driving under suspension, pursuant to section 1543. Appellant's claim that despite the charges being filed pursuant to section 1543(a), they were in reality properly chargeable as section 6503 violations is unsupportable because to sustain a charge under section 6503, it was necessary for the Commonwealth to allege in the complaint under the enhancement section, the prior violation and conviction under section 1543. *See Commonwealth v. Reagan,* 348 Pa.Super. 589, 502 A.2d 702 (1985) (en banc); *Commonwealth v. Campbell,* 273 Pa.Super. 407, 417 A.2d 712 (1980). The Commonwealth elected not to charge under the enhancement section and in filing a complaint under section 1543(a), it did not allege prior violations of that section. As provided by section 1543(a) appellant was not subject to any imprisonment or sentence enhancement as a second or subsequent violator as he erroneously suggests, and he therefore had no right to a jury trial. It is ingenious but borders on sophistry for appellant to now argue that an injustice was created in charging him with a lesser offense, which was legal when he should have been charged with a more serious offense which would have to be set aside because of its illegality. We refuse to engage in this attempt to stultify the law. We find appellant's guilty pleas as to the first five offenses were valid, and we uphold the trial court's refusal to permit their withdrawal.

■ Moreover, we conclude subject matter jurisdiction properly resided in the district justices in these five cases. Under section 1543, appellant was not subject to imprisonment and he was not charged with a misdemeanor. Consequently, the district justices did have jurisdiction over the first five cases and properly disposed of them, in each case sentencing appellant to the mandated fine of $200.

■ As for appellant's claims in relation to his sixth conviction, we find the claims are meritorious. With regard

to this conviction only, appellant was charged under section 6503 as existing prior to the 1986 amendment. Hence, he was subject to a maximum prison term of one year and thus entitled to notice of his right to a jury trial under *Mayberry, supra.*[5] The trial court, therefore, having failed to inform appellant of his right to a jury trial or of the possibility of sentence enhancement, improperly accepted appellant's constitutionally infirm guilty plea. We conclude that appellant's April 26, 1985 conviction is improper.[6]

Order affirmed as to the first five convictions dating from October 7, 1982 to October 4, 1984. Order reversed and judgment of sentence vacated as to the sixth conviction of April 26, 1985.

Jurisdiction relinquished.

WIEAND, J., concurs in the result.

5. *See, Commonwealth v. Lyons,* 395 Pa.Super. 184, 576 A.2d 1105 (1990), in which this Court determined a second violation of 75 Pa.C.S. § 1543(a) is a summary offense. *Lyons* may be distinguished from this case in that section 6503 as construed there, involved the amendment of 1986, which reduced the penalty from one year imprisonment to six months and therefore meets the test for proceeding without a jury enunciated in *Baldwin, supra.* The statute we construe here is the original of section 6503 which provided for one year imprisonment for a second or subsequent offense.

6. While the date the petition for withdrawal of guilty pleas was filed, August 2, 1988, was more than three years after the pleas were entered, the Comment to Pa.R.Crim.P. 90 notes that in the interest of justice a party not represented by counsel at the time of the summary proceedings may raise procedural defects for the first time after trial. We, therefore, decline to find error in the trial court's consideration of the petition. We are bolstered in this position by recent Supreme Court decisions which have permitted review by this Court, even when in violation of procedural rules, when the trial court has entertained the petition and ruled upon it. *See Commonwealth v. Sheaff,* 518 Pa. 655, 544 A.2d 1342 (1988) (Table), *reversing Commonwealth v. Sheaff,* 365 Pa.Super. 613, 530 A.2d 480 (1987); *also see Commonwealth v. Moore,* 369 Pa.Super. 473, 567 A.2d 701 (1989).