576 A.2d 1105

COMMONWEALTH of Pennsylvania

v.

David W. LYONS, Appellant.

Superior Court of Pennsylvania.

Argued April 25, 1990.

Filed July 3, 1990.

John B. Mancke, Harrisburg, for appellant.

Julia A.F. Merl, Asst. Dist. Atty., Harrisburg, for Com.

Before CIRILLO, Presiding Judge, and CAVANAUGH, ROWLEY, WIEAND, OLSZEWSKI, DEL SOLE, TAMILIA, JOHNSON and HUDOCK, JJ.

PER CURIAM:

This appeal presents the Court with an issue of first impression, namely, whether a second offense of driving while operating privileges are under suspension, which is punishable by not more than six months imprisonment, pursuant to 75 Pa.C.S. § 6503, is intended by the legislature to be a summary offense or a misdemeanor. Our analysis of the pertinent statutory provisions leads us to find that a second violation of 75 Pa.C.S. § 1543(a) is a summary offense.

Driving while one's operating privilege is suspended constitutes a summary offense under 75 Pa.C.S. § 1543(a), which provides as follows:

(A) OFFENSE DEFINED.—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of

the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200. However, 75 Pa.C.S. § 6503, as amended by the Act of July 9, 1986, P.L. 544, No. 96, § 3, provides that a person who is convicted of a second or subsequent violation of section 1543(a) "shall be sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both." Although section 6503 establishes a more severe penalty to be imposed than does section 1543(a), it makes no attempt to classify a second offense as a misdemeanor.

■ While a first violation of section 1543(a) is made a summary offense, second or subsequent violations of the section come within the parameters of section 6503, and we must determine whether this undesignated offense constitutes a summary offense or a misdemeanor.

Under the pertinent provisions of the Crimes Code, an offense is a summary offense if it is so designated or if a person convicted thereof may be sentenced to a term of imprisonment not in excess of 90 days. 18 Pa.C.S. § 106(c). The Crimes Code also provides that a misdemeanor of the third degree is a crime so designated or one for which a person who has been convicted may be "sentenced to a term of imprisonment, the maximum of which is not more than one year." 18 Pa.C.S. § 106(b)(8). Second or subsequent violations of section 1543(a) of the Vehicle Code, coming within § 6503, would then seem to be misdemeanors of the third degree.

The legislature, however, has provided expressly in the Vehicle Code that the Crimes Code, "insofar as it relates to fines and imprisonment for convictions of summary offenses, is not applicable to this title." 75 Pa.C.S. § 6502(c). Instead, the Vehicle Code provides:

It is a summary offense for any person to violate any of the provisions of this title unless the violation is by this title or other statute of this Commonwealth declared to be a misdemeanor or felony.

75 Pa.C.S. § 6502(a). In attempting to ascertain the meaning of a statute, this Court is required to consider the intent of the legislature and is permitted to examine the practical consequences of a particular interpretation. *Commonwealth v. Stewart*, 375 Pa.Super. 585, 544 A.2d 1384 (1988). As the language of section 6503, establishing the maximum sentence to be imposed for a second offense, does not declare a second offense to be a misdemeanor or a felony, and as we have discovered no other statute which expressly declares a second conviction for violating 75 Pa.C.S. § 1543(a) is to be deemed a misdemeanor or felony, the provisions of 75 Pa.C.S. § 6502(a) and (c) would seem to declare the legislative intent to be (1) that a violation of 75 Pa.C.S. § 1543(a), whether a first, second or subsequent offense, shall be deemed a summary offense, and (2) that provisions of the Crimes Code establishing summary offenses according to maximum penalties to be imposed are to have no application to violations of 75 Pa.C.S. § 6503. Violations of the Vehicle Code shall be summary offenses unless otherwise expressly classified by statute.

██ Based on our holding, we consider the facts of the instant case. David Lyons was arrested and a criminal complaint was filed charging him with driving while his operating privileges were under suspension, a second or subsequent offense. The charges were dismissed by District Justice Marlin Strohm after testimony had been presented. Lyons was thereafter re-charged with the same offense,[1] and this time the District Justice, rejecting Lyons' plea of double jeopardy, returned the case to court for trial. There, a motion to quash on double jeopardy grounds was dismissed, and Lyons was subsequently found guilty. Post-trial motions were denied, and Lyons was sentenced to pay a fine of one thousand ($1,000) dollars. This appeal followed.

Because appellant's offense was summary in nature, we are constrained to agree that his second trial was held in

---

1. The District Attorney, in the interim, had issued a memorandum stating that such offenses were to be deemed misdemeanors.

violation of principles of double jeopardy. Having once been placed on trial in a court having jurisdiction to determine guilt or innocence and the charge having been dismissed, appellant could not thereafter be again placed on trial for the same offense. *See Commonwealth v. Grazier,* 481 Pa. 622, 630–631, 393 A.2d 335, 339 (1978); *In Interest of R.R.,* 317 Pa.Super. 334, 342, 464 A.2d 348, 352 (1983); *Commonwealth v. Mihaltian,* 41 D. & C. 3d 270, 272 (1986). It follows that the judgment of sentence imposed against appellant cannot stand.

Judgment of sentence reversed; appellant is discharged.