LUDGATE, J.,
This matter is before the court on defendant’s omnibus pretrial motion. A preliminary hearing was held before District Justice Wallace W. Wagonseller on May 21, 1990. At that time defendant was bound over for court on the charge of driving under the influence of alcohol, in violation of 75 Pa.C.S. 3731(a)(1) and (a)(4), and the summary speeding offense was dismissed after hearing held.
This matter is before the court on defendant’s omnibus pretrial motion where defendant seeks suppression of evidence, a writ of habeas corpus and the dismissal of charges on double jeopardy grounds.
FINDINGS OF FACT
(1) On April 3, 1990, at 5:43 p.m., Officer Roger Hines of the Topton-Maxatawny-Lyons Police De *144 partment was on duty in the Borough of Topton, Berks County, Pennsylvania.
(2) The officer clocked defendant, Timothy Dwayne Butt, at a speed exceeding the posted speed limit.
(3) The officer pursued the vehicle until the vehicle stopped.
(4) The officer asked defendant to perform field sobriety tests, which tests defendant failed. Defendant was taken to Lehigh Valley Hospital Center where he submitted to a blood alcohol content test.
(5) The officer issued defendant citation no. PI 1746, charging defendant with the violation of maximum speed limits under section 3362(a)(1) of the Vehicle Code.
(6) District Justice Wallace W. Wagonseller dismissed the charge after testimony taken and hearing held. (N.T. 30.)
CONCLUSION OF LAW
The prosecution of defendant for driving under the influence is barred by the double jeopardy clause.
DISCUSSION
Defendant argues that after being charged and having a summary trial on the summary offense of exceeding the speed limit, section 3362(a)(1) of the Vehicle Code, the present prosecution under 75 Pa.C.S. §3731(a)(l) and (a)(4) for driving under the influence of alcohol is barred by the double jeopardy clause and by the principles set forth by the United States Supreme Court in Grady v. Corbin, 495 U.S. _, 109 L.Ed.2d 548 (1990). We agree.
*145 The U.S. Supreme Court, in Grady v. Corbin, held that “the double jeopardy clause bars a subsequent prosecution if, to establish an element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.” 109 L.Ed.2d at 557. In the instant case, the charge of speeding was dismissed by the district justice at the preliminary hearing, which was held on May 21, 1990. The Pennsylvania Superior Court has held that after testimony is taken at a summary trial, the defendant has been placed in jeopardy. “Having once been placed on trial in a court having jurisdiction to determine guilt or innocence and the charge having been dismissed, appellant could not thereafter be again placed on trial for the same offense.” Commonwealth v. Lyons, 395 Pa. Super. 184, 576 A.2d 1105 (1990). Defendant, therefore, had been placed in jeopardy at a summary trial before a court having jurisdiction to dispose of the summary offense and thus jeopardy had attached.
In a driving under the influence of alcohol prosecution, the essential elements that the Commonwealth must prove are that the defendant did drive or operate his motor vehicle while under the influence of alcohol to a degree which rendered him incapable of safe driving, in violation of 75 Pa.C.S. §3731(a)(l); or that the defendant did drive or operate his motor vehicle while the amount of alcohol by weight in his blood was 0.10 percent or greater, in violation of section 75 Pa.C.S. §3731(a)(4). Therefore, the Commonwealth must prove that defendant drove his motor vehicle under the influence of alcohol to a degree which would render him incapable of safe driving or while the amount of alcohol in his blood was 0.10 percent or greater.
*146 In Grady, the Supreme Court relied on the fact that the prosecutor had filed a bill of particulars which stated that it would prove the entirety of the conduct for which Corbin was prosecuted, that being driving under the influence of alcohol and failing to keep right of the median, to establish the essential elements of the homicide and assault charges which were involved in that case. In the instant case defendant was stopped for speeding after being clocked by the Vascar unit; the probable cause affidavit states that “affiant did clock á tan Chevrolet at 54.3 mph in a 35-mph zone.” The conduct which the Commonwealth will use to prove defendant’s inability to operate his motor vehicle safely and to justify the request for the blood alcohol content test, is that defendant drove his motor vehicle in excess of the posted speed limit, conduct for which defendant has been previously prosecuted, as District Justice Wagonseller dismissed the charge after a hearing was held.
To prove either a section 3731(a)(1) or a section 3731(a)(4) charge, the Commonwealth, in its prosecution, will prove conduct for which defendant has been previously prosecuted and place defendant twice in jeopardy for the same conduct.
For the above-mentioned reasons, we will grant defendant’s motion to dismiss on the basis of double jeopardy and the remainder of defendant’s omnibus pretrial motion becomes moot.
ORDER
And now, October 25, 1990, upon consideration of the record, hearing held, memoranda and argument of counsel, this court orders and decrees that defendant’s motion to dismiss the complaint on double jeopardy grounds is hereby granted.