600 A.2d 993

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Lorenzo BERNAL, Jr.**

Superior Court of Pennsylvania.

Argued Dec. 12, 1991.

Filed Jan. 7, 1992.

Ann C. Lebowitz, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Allan H. Freedman, Bryn Mawr, for appellee.

Before CIRILLO, DEL SOLE and HOFFMAN, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County vacating defendant Lorenzo Bernal, Jr.'s conviction and remanding to Philadelphia Municipal Court for trial. We reverse.

Bernal was issued a traffic citation for violation of section 1543(a) of the Motor Vehicle Code, 75 Pa.C.S. § 1543(a) (driving while operating privilege is suspended or revoked). A violation of section 1543 is a summary offense. *See* 75 Pa.C.S. §§ 1543(a); 6503. Bernal entered a guilty plea and was sentenced. After paying the appropriate fines and costs in the Philadelphia Traffic Court, Bernal petitioned the Philadelphia Motions Court to vacate the judgment. In

his petition, Bernal alleged that since he was a second offender, and thus subject to the enhanced penalty provisions of 75 Pa.C.S. § 6503,[1] the Philadelphia Traffic Court did not have subject matter jurisdiction of the offense.[2] Bernal argued, and the trial court agreed, that by virtue of the enhanced penalty, which subjected him to a fine of up to $1,000.00 and/or imprisonment of up to six months, the offense was no longer a summary offense, but a misdemeanor of the third degree. *See* 18 Pa.C.S. § 106(c), (e). The trial court vacated judgment and remanded the case to Municipal Court for trial. The Commonwealth appealed, presenting one issue for our review:

> Did the trial court err when, contrary to express statutory authority and this court's specific and controlling case precedent, it vacated defendant's conviction for the summary offense of driving with a suspended license and inexplicably held that defendant's Motor Vehicle Code violation under 75 Pa.C.S. § 1543 was a misdemeanor under the Crimes Code merely because defendant, as a repeat violator, was subject to enhanced penalties under 75 Pa.C.S. § 6503?

Under the Crimes Code, an offense is a summary offense if it is so designated in Title 18 "or in a statute other than this title," or if a person "who has been convicted thereof sentenced to a term of imprisonment, the maximum of

---

**1.** Section 6503 of the Motor Vehicle Code provides:

> Every person convicted of a second or subsequent violation of any of the following provisions shall be sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both:
>
> \* \* \* \* \* \*
>
> Section 1543 (relating to driving while operating privilege is suspended or revoked).
>
> \* \* \* \* \* \*

75 Pa.C.S. § 6503.

**2.** Summary offenses in Philadelphia County arising under the Motor Vehicle Code are under the jurisdiction of the Philadelphia Traffic Court. 42 Pa.C.S. § 1302. Section 1123(a)(2) of the Judicial Code confers jurisdiction on the Philadelphia Municipal Court for criminal offenses "punishable by imprisonment for a term of not more than five years, including indictable offenses under Title 75 (related to vehicles)." 42 Pa.C.S. § 1123(a)(2).

which is not more than 90 days." 18 Pa.C.S. § 106(c)(1), (2). A "crime is a misdemeanor of the third degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than one year." 18 Pa.C.S. § 106(b)(8).

The enhanced penalty provisions of 75 Pa.C.S. § 6503 subject the offender to a term of imprisonment of *up to six months*.[3] The question of whether the increased penalty upgrades the classification of 75 Pa.C.S. § 1543 as a summary offense to a misdemeanor of the third degree was resolved by this court's decision in *Commonwealth v. Lyons*, 395 Pa.Super. 184, 576 A.2d 1105 (1990) (en banc). There, this court reversed the trial court and held that a second offense of driving while operating privileges are under suspension was intended by the legislature to be summary offense rather than a misdemeanor. *Id.* at 186, 576 A.2d at 1106. *Cf. Commonwealth v. Sperry*, 395 Pa.Super. 400, 577 A.2d 603 (1990).

The Crimes Code classifies offenses in section 106. Subsection (c) of section 106 provides:

**(c) Summary offenses.**—An offense defined by this title constitutes a summary offense if:

(1) it is so designated in this title, or in a statute other than this title; or

(2) if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than 90 days.

18 Pa.C.S. § 106(c). Subsection (e) of section 106 makes the section applicable to other statutes, and states: "An offense hereafter defined by any statute other than this title *shall be classified as provided in this section.*" 18 Pa.C.S. § 106(e) (emphasis added).

The trial court in the instant case reasoned that since "section 6503 fails to designate the offense as summary and provides for a six-month term of imprisonment, by defini-

---

**3.** Prior to the 1986 amendment, 1986, July 9, P.L. 544, No. 96, § 3, effective in 60 days, section 6503 provided for an enhanced penalty of up to one year imprisonment.

tion a second or subsequent offense must be a misdemeanor of the third degree." The trial court's analysis was based upon the Dauphin County Court of Common Pleas decision in *Commonwealth v. Lyons*, 108 Dauph. 182 (1988), which, as noted above, was reversed. *Lyons, supra.*

In an attempt to reconcile the classification of offenses in the Crimes Code, and the enhanced penalty provisions of section 6503 of the Motor Vehicle Code, the trial court in this case, as well as the court in *Lyons*, disregarded the fact that the Motor Vehicle Code specifically designates the instant offense as a summary offense. *See* 75 Pa.C.S. § 1543. Moreover, the court overlooked the clear language of section 6502 of the Motor Vehicle Code:

> **(a) Violations of this title.**—It is a summary offense for any person to violate any of the provisions of this title *unless the violation is by this title or other statute* of this Commonwealth *declared to be a misdemeanor or felony.*

75 Pa.C.S. § 6502(a). The instant offense is nowhere expressly classified as a felony or misdemeanor. It remains a summary offense, notwithstanding the penalty enhancement. More importantly, the Motor Vehicle Code specifically provides that the classification section of the Crimes Code with respect to summary offenses is not applicable to the Motor Vehicle Code:

> **(c) Title 18 inapplicable.**—*Title 18* (relating to crimes and offenses) *insofar as it relates to fines and imprisonment for convictions of summary offenses, is not applicable* to this title.

75 Pa.C.S. § 6502(c) (emphasis added). We conclude, as we did in *Lyons, supra,* that this language is dispositive.

Reversed.