617 A.2d 1309

**COMMONWEALTH of Pennsylvania**

v.

**Wayne Edward SOBOLESKI, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1992.

Filed Dec. 17, 1992.

Jay Stillman, Asst. Public Defender, Williamsport, for appellant.

Robert W. Ferrell, Asst. Dist. Atty., Williamsport, for Com., appellee.

Before CIRILLO, KELLY and CERCONE, JJ.

CIRILLO, Judge:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Lycoming County. We affirm.

Appellant Wayne Edward Soboleski was charged with driving while operating privilege is suspended or revoked in violation of section 1543(a) of the Motor Vehicle Code. Following a summary trial before a district justice, Soboleski was found guilty. Because Soboleski had two prior section 1543(a) violations, he was sentenced to thirty days imprisonment and a $500.00 fine pursuant to 75 Pa.C.S. § 6503.

Soboleski appealed. After a de novo trial, the Court of Common Pleas of Lycoming County issued an order finding Soboleski guilty of violating section 1543. Thereafter, Soboleski was sentenced to thirty days imprisonment and a fine of $541.50. On appeal to this court, Soboleski contends that his due process rights were violated because he was sentenced for his violation of section 1543 as a habitual offender under section 6503 without having been charged under section 6503. The argument Soboleski presents is that section 6503 is a distinct statute, a separately chargeable offense, and, as such, the Commonwealth was required to charge him with a section 6503 offense before he could be sentenced under section 6503. We disagree.

■ Having reviewed the relevant provisions of the Motor Vehicle Code and this court's en banc decision in *Commonwealth v. Sperry*, 395 Pa.Super. 400, 577 A.2d 603 (1990), we find that section 6503 of the Motor Vehicle Code is not a separately chargeable offense. A thorough inspection of Chapter 65 of the Motor Vehicle Code, the rules of statutory construction, 1 Pa.C.S. §§ 1901 *et seq.*, and the relevant case

law, leads us to the conclusion that section 6503 is a penalty enhancement provision for which no prior notice need be given. *See Commonwealth v. Lyons,* 395 Pa.Super. 184, 576 A.2d 1105 (1990) (en banc); *see also Commonwealth v. Bernal,* 411 Pa.Super. 44, 600 A.2d 993 (1992). We, therefore, affirm appellant Soboleski's judgment of sentence.

Soboleski would have us reach the determination that a person charged with a violation of section 1543 (driving while license is suspended or revoked) cannot be sentenced under section 6503 (penalty enhancement provision for recidivism of certain offenses, namely section 1543) *unless the Commonwealth charges under section 6503, alleging the prior section 1543 violation and conviction in the complaint.* In support of his argument, Soboleski relies upon the following language in *Sperry:* "to sustain a charge under section 6503, it was necessary for the Commonwealth to allege in the complaint under the enhancement section, the prior violation and conviction under section 1543." *Sperry,* 395 Pa.Super. at 405, 577 A.2d at 606. For the following reasons, we have determined that Soboleski's reliance on this statement is neither persuasive nor applicable in this context.

Initially, we note that we may infer from the title of Chapter 65 of the Motor Vehicle Code, "Penalties and Disposition Fines," that the legislature intended the chapter as a penalty provision, and not as a provision for the enumeration of additional offenses. *See* 1 Pa.C.S. § 1924 ("The headings prefixed to ... chapters may be used to aid in the construction thereof."); *see also Commonwealth v. Magwood,* 503 Pa. 169, 469 A.2d 115 (1983). The titles and provisions of the various sections in this chapter are consistent with this construction. Section 6501 defines the term "conviction" for the purpose of determining whether the enhancement provision applies.

Especially significant, as discussed in *Commonwealth v. Reagan,* 348 Pa.Super. 589, 502 A.2d 702 (1985) (en banc) and *Commonwealth v. Bernal,* 411 Pa.Super. 44, 600 A.2d 993 (1992), is section 6502 of the Motor Vehicle Code. Section 6502(a) provides that any violation of Title 75 is a *summary*

*offense* "unless the violation is by this title or other statute of this Commonwealth declared to be a misdemeanor or a felony." 75 Pa.C.S. § 6502(a). The underlying offense here, a section 1543 violation, is a summary offense. *See* 75 Pa.C.S. § 6502(a); *see also* 75 Pa.C.S. § 1543(a) (defining offense of driving while operating privilege is suspended or revoked as a summary offense). Section 6502(c) specifically provides that the classification section of the Crimes Code (relating to grading of offenses), *see* 18 Pa.C.S. § 106(c), is inapplicable insofar as it relates to fines and imprisonment for convictions of summary offenses. Thus, despite the fact that the sentence is enhanced,[1] the nature and grade of the *underlying offense*, enumerated in section 1543, remains the same—it is a summary offense notwithstanding the enlarged penalty. *See Bernal, supra; see also Lyons, supra* (a second offense of driving while operating privileges are under suspension was intended by the legislature to be a summary offense rather than a misdemeanor).

In *Sperry*, the appellant argued that his guilty plea was invalid because he was not notified of his right to a jury trial. At the time of Sperry's offense, section 6503 provided for a maximum sentence of up to one year imprisonment. 75 Pa.C.S. § 6503, P.L. 544, No. 96, § 3. The statute was amended in 1986, and now provides for a maximum prison term of six months. Significant to the holding in *Sperry* is the fact that the sentence enhancement in section 6503, prior to 1986, upgraded the offense from a summary offense to a misdemeanor. *Cf. Commonwealth v. Lyons, supra* (a second

---

1. A violation of section 1543(a) is a summary offense punishable by a fine of $200. 75 Pa.C.S. § 1543(a). If sentenced under the recidivist provision, section 6503, the sentencing possibilities are enlarged—"a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both." 75 Pa.C.S. § 6503. Pursuant to section 106(c) of the Crimes Code, a fine of up to $1000 and/or imprisonment of up to six months alters the grade of the offense, from a summary offense to a misdemeanor of the third degree. *See* 18 Pa.C.S. § 106(c) and (e). However, as stated above, section 6502(c) specifically states that this classification "as it relates to fines and imprisonment for convictions of summary offenses, is not applicable to [Title 75]." 75 Pa.C.S. § 6502(c). Consequently, the offense remains a summary offense.

violation of 75 Pa.C.S. § 1543(a) is a summary offense). The *Sperry* court specifically noted the distinction between that case and *Lyons,* stating: *"Lyons* may be distinguished from this case in that section 6503 as construed there, involved the amendment of 1986, which reduced the penalty from one year imprisonment to six months and therefore meets the test for proceeding without a jury ..." 395 Pa.Super. at 406 n. 5, 577 A.2d at 606 n. 5. The statute construed in *Sperry* was the original of section 6503, not the 1986 amended statute. Additionally, we point out that the *Sperry* court's statement that "it was necessary for the Commonwealth to allege in the complaint under the enhancement section, the prior violation and conviction under section 1543" is merely a reiteration of the appellant's argument; it is not the court's holding.

In *Reagan, supra,* this court was presented with the question of whether the Commonwealth must allege prior convictions in its information in order to subject the defendant to the recidivist provisions of 75 Pa.C.S. § 3731 (pertaining to driving under the influence). The court distinguished a long line of cases which held that the Commonwealth was required to allege prior convictions in the information applying recidivist penalties under a variety of statutes. *See, e.g., Rauch v. Commonwealth,* 78 Pa. 490 (1875); *Commonwealth v. Payne,* 242 Pa. 394, 89 A. 559 (1913); *Commonwealth v. Moses,* 441 Pa. 145, 271 A.2d 339 (1970); *Commonwealth v. Herstine,* 264 Pa.Super. 414, 399 A.2d 1118 (1979); *Commonwealth v. Campbell,* 273 Pa.Super. 407, 417 A.2d 712 (1980). The *Reagan* court stated:

> [I]n each of these cases, the recidivist statute under which the defendant was sentenced provided for an increased *maximum* sentence or an "enlarged" sentence, and it was for this reason that the Courts concluded that prior convictions had to be alleged in the Information or Indictment. The Court held that the increased maximum sentence, or change in grade of offense, made a subsequent offense different in kind and character than a first offense.

348 Pa.Super. at 595, 502 A.2d at 705 (emphasis in original).

Here, section 6503 provides for an enlarged sentence;[2] it does not, however, "make a subsequent offense different in kind and character than a first offense." *Id.* A subsequent violation of section 1543(a), although it carries with it the *possibility* of an enhanced penalty, remains a summary offense.

Section 6503 provides in pertinent part:

**§ 6503. Subsequent convictions of certain offenses.**

Every person convicted of a second or subsequent violation of any of the following provisions shall be sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both:

*    *    *    *    *    *

Section 1543 (relating to driving while operating privilege is suspended or revoked).

75 Pa.C.S. § 6503. In addition to its reference to section 1543, the section under which Soboleski was charged, section 6503 also refers to other motor vehicle violations.[3] Section 6503 does not exist on its own; it is a recidivist or enhancement provision for one who has been convicted two or more times of certain enumerated offenses.

The *Reagan* court supported its holding by reasoning that Pennsylvania Rule of Criminal Procedure 225 does not "require that a prior conviction be averred in the information." *Reagan,* 348 Pa.Super. at 594, 502 A.2d at 704.

[U]nless the prior conviction is an "essential element" of the crime and required to be averred in the Information by Rule 225(b)(5), it is not necessary to include the averment of a prior conviction in the Information. Our review of the applicable statutes and relevant case law compels us to

**2.** Section 6503 provides that a person convicted of a second or subsequent violation of section 1543 "shall be sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both ..." 75 Pa.C.S. § 6503. A person charged with violating section 1543(a) as a first offense, "shall, upon conviction, be sentenced to pay a fine of $200." 75 Pa.C.S. § 1543(a).

**3.** Section 1501(a) (relating to drivers required to be licensed); section 3367 (relating to racing on the highways); section 3733 (relating to fleeing or attempting to elude police officers); section 3734 (relating to driving without lights to avoid identification or arrest); and section 3748 (relating to false reports).

conclude that prior convictions are not an element of the crime of drunken driving and therefore need not be alleged in the Information.

*Id.* Clearly, here, a prior conviction is not an element of driving while operating privileges are suspended or revoked. 75 Pa.C.S. § 1543(a). More significantly, a prior conviction does not alter the guilt or innocence of the person charged; a prior conviction is relevant only to the determination of sentence following an adjudication of guilt.

█ The purpose of the information or citation is to inform the accused of the crimes charged—to give sufficient notice of the charges so as to provide him or her with the opportunity to prepare a defense, and to define the issues for trial. *See Commonwealth v. Diaz,* 477 Pa. 122, 383 A.2d 852 (1978); *Commonwealth v. Stauffer,* 309 Pa.Super. 176, 454 A.2d 1140 (1982). *See also* Pa.R.Crim.P. 53(a)(6) and 225. It is crucial to recognize this purpose before adhering to a requirement which neither furthers this purpose nor conforms with the current law. *See Bernal, supra* (a section 6502(a) offense remains a summary offense, notwithstanding the penalty enhancement); *Lyons, supra* ("Although section 6503 establishes a more severe penalty to be imposed than does section 1543(a), it makes no attempt to classify a second offense as a misdemeanor"); *Reagan, supra* ("Nowhere does the rule [Pa. R.Crim.P. 225, setting forth the required contents of a criminal information] require that a prior conviction be averred in the information ... unless the prior conviction is an 'essential element' of the crime[.]") *See also Commonwealth v. Heath,* 528 Pa. 316, 597 A.2d 1135 (1991) (a defendant convicted of involuntary deviate sexual intercourse with a victim under the age of sixteen did not have the right to notice of the Commonwealth's intent to seek mandatory minimum sentence under 42 Pa.C.S. § 9718); *Commonwealth v. Scheinert,* 359 Pa.Super. 423, 519 A.2d 422 (1986), *alloc. denied,* 517 Pa. 606, 536 A.2d 1330 (1987) (due process does not require that the prosecution notify defendant of intent to seek enhanced recidivist penalty under section 3731 (pertaining to DUI) in criminal complaint); *Commonwealth v. Kornicki,* 357 Pa.Super. 182, 515 A.2d 925

(1986) (while notice of prior DUI conviction and Commonwealth's intention to seek sentence under recidivist penalties of sentencing statute need not be given prior to conviction thereunder, defendant must be provided notice before sentencing occurs; *Commonwealth v. Wagner*, 352 Pa.Super. 295, 507 A.2d 1237 (1986) (Commonwealth was not required to allege in information that driver accepted placement in Accelerated Rehabilitative Disposition (ARD) program following her first driving under the influence (DUI) arrest in order for trial court to impose mandatory minimum sentence of 30 days following second offense); *Commonwealth v. Gamber*, 352 Pa.Super. 36, 506 A.2d 1324 (1986) (where imposition of recidivist penalty does not alter the nature or grade of the offense and where recidivism is not an element of the underlying offense, amendment of the information to allege a prior conviction is unnecessary); *Commonwealth v. Hess*, 348 Pa.Super. 600, 502 A.2d 707 (1985) (Commonwealth was not required to aver prior DUI convictions in criminal information in order to seek sentencing for defendant under recidivist provision of drunk driving law [75 Pa.C.S. § 3731(e) ] upon defendant's voluntary plea of guilty to DUI).

Furthermore, the *Reagan* court acknowledged in its decision that section 6503 was a recidivist provision:

Knowledge of the higher mandatory minimum sentence for repeat offenders may affect the defendant's decision to plead guilty even though knowledge of the recidivist penalty would not affect a defendant's defense for the crime charged. *Therefore, although notice of the recidivist penalty is not required prior to trial, it is required prior to a guilty plea.*

*Reagan*, 348 Pa.Super. at 599, 502 A.2d at 707 (emphasis added). Both *Reagan* and *Sperry* addressed the notice required prior to entry of a guilty plea. Soboleski's reliance upon *Sperry* is, therefore, misplaced. Soboleski did not enter a guilty plea, but rather was tried before a magistrate and then tried de novo before the court of common pleas. We conclude, therefore, that *Sperry* is not applicable in this context and that the Commonwealth's failure to cite section

6503 in its citation did not violate Soboleski's due process rights.

In order to clarify the language in *Sperry* and provide consistency in the interpretation and application of the law pertaining to recidivist provisions, we must view section 6503 for what it is—a penalty provision. Failure to avert a prior conviction in a citation or information does not preclude the sentencing court from sentencing a defendant to an enhanced penalty under this recidivist provision.

Judgment of sentence affirmed.

KELLY, J., files a dissenting opinion.

KELLY, Judge, dissenting:

Notwithstanding the majority's cogent reasoning that section 6503 is merely a sentencing enhancement and not a separate offense, I must dissent. Whatever the wisdom of *Commonwealth v. Sperry*, 395 Pa.Super. 400, 577 A.2d 603 (1990) (*en banc*), which held that charges under section 6503 are "unsupportable because to sustain a charge under section 6503, it was necessary for the Commonwealth to allege in the complaint under the enhancement section, the prior violation and conviction under section 1543," *id.* (citations omitted), I, as a member of a three judge panel, believe that I must follow the *Sperry en banc* decision until an *en banc* Superior Court or the Supreme Court overrules it. *See Jones v. Rudenstein*, 401 Pa.Super. 400, 585 A.2d 520 (1991) (Olszewski, J., concurring).