LUDGATE, J.,
This matter is now before the court on defendant’s motion to dismiss. Counsel has stipulated that the court render its decision based upon the preliminary hearing transcript and arguments made on September 7, 1990. By the same stipulation, no testimony was taken.
FINDINGS OF FACT
(1) On or about January 20, 1990, Officer Michael Hanson, of the Amity Township Police Department, was on duty on Route 662 in Amity Township, Berks County, Pennsylvania, when he stopped defendant’s motor vehicle, suspecting that he was driving under the influence of alcohol in violation of sections 3731(a)(1) and 3731(a)(4) of the Motor Vehicle Code.
*148 (2) On January 23, 1990, Officer Hanson requested that a summons be issued for the defendant’s arrest for driving under the influence of alcohol under sections 3731(a)(1) and 3731(a)(4) of the Motor Vehicle Code, before District Justice Susanne R. Walley.
(3) On January 22, 1990, Officer Hanson filed citation no. P245777, charging defendant with reckless driving in connection with the incident which occurred on January 20, 1990. Defendant pled guilty to the charge of reckless driving and was sentenced on February 2, 1990, by District Justice Susanne R. Walley and paid a fine in the amount of $65.
(4) Defendant appealed the conviction and was convicted in absentia by the Honorable Thomas J. Eshelman and the sentence upheld.
CONCLUSION OF LAW
The prosecution of defendant for driving under the influence of alcohol is barred by the double jeopardy clause.
DISCUSSION
Defendant argues that after having pled guilty to the summary offense of reckless driving, in violation of 75 Pa.C.S. §3714, the present prosecution under the driving under the influence of alcohol statute, 75 Pa.C.S. §3731(a)(l) and (a)(4), is barred by the double jeopardy clause and by the principles set forth by the United States Supreme Court in Grady v. Corbin, 495 U.S. _, 109 L.Ed.2d 558 (1990). We agree.
The U.S. Supreme Court, in Grady v. Corbin, held that “the double jeopardy clause bars a subsequent prosecution if, to establish an essential ele *149 ment of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.” 109 L.Ed.2d at 557. In the instant case, defendant pled guilty to a summary offense of reckless driving and later appealed his guilty plea and was again convicted on May 18, 1990 by the Honorable Thomas J. Eshelman.
The threshold question is whether jeopardy had attached at the preliminary hearing. The Pennsylvania Superior Court in Commonwealth v. Lyons, 395 Pa. Super. 184, 576 A.2d 1105 (1990), held that in considering a summary offense having “once been placed on trial in a court having jurisdiction to determine guilt or innocence and the charge having been dismissed, appellant could not thereafter be again placed on trial for the same offense.” In Lyons, the court based its decision upon the fact that the. charges were dismissed by the district justice after testimony had been presented, thereafter the defendant was charged with the same offense. In the instant case, testimony has been presented on the reckless driving charge at the preliminary hearing held on March 13, 1990. Defendant has therefore been prosecuted on these charges, as jeopardy attaches after testimony has been taken before a court with jurisdiction to determine guilt or innocence.
In a driving under the influence prosecution, the essential elements which the Commonwealth must prove are that the defendant did drive or operate his motor vehicle while under the influence of alcohol to a degree which rendered him incapable of safe driving, in violation of section 3731(a)(1) of the Vehicle Code, or that the defendant did drive or operate his motor vehicle while the amount of alcohol by weight in his blood was 0.10 percent or *150 greater, in violation of section 3731(a)(4) of the Vehicle Code. Therefore, the Commonwealth must prove that defendant drove his motor vehicle while under the influence of alcohol to a degree which would render him incapable of safe driving, or while the amount of alcohol in his blood was greater than 0.10 percent.
In Grady, the Supreme Court relied upon the fact that the prosecutor had filed a bill of particulars which stated that it would prove the entirety of the conduct for which Corbin was convicted, that is, driving while intoxicated and failing to keep right of the median, to establish the essential elements of the homicide and assault charges which were involved in that case. In the instant case, the probable cause which was issued states that “the officer saw the defendant’s vehicle fishtailing on Route 622 at the entrance to Redner’s. . . . Defendant was transported to St. Joseph’s Hospital for a legal blood alcohol test. Test results were 0.189 percent.” The conduct which the Commonwealth will use to prove the defendant’s inability to operate his motor vehicle safely, therefore, is the conduct that the officer observed the defendant’s vehicle fishtailing, which resulted in his summary conviction for reckless driving. For either the section 3731(a)(1) or 3731(a)(4) count, the Commonwealth in this prosecution will prove conduct for which defendant has been previously prosecuted and therefore, place defendant again in jeopardy for conduct which has already been prosecuted.
The Commonwealth relies upon the recent Pennsylvania Superior Court opinion in Commonwealth v. Labelle, 397 Pa. Super. 179, 579 A.2d 1315 (1990). In Labelle, the Superior Court vacated and remanded a trial court’s order quashing, on double jeopardy grounds, an information charging defen *151 dant with driving under the influence. Defendant pled guilty to the summary offenses of driving vehicle at unsafe speed and reckless driving, and on May 11, 1987, defendant moved to dismiss the driving under the influence complaint on double jeopardy grounds, which motion was granted.
The Superior Court held that “the double jeopardy clause may bar prosecution of the driving under the influence charge, depending upon what conduct, on the part of the appellee, formed the basis of his summary convictions.” Labette, supra.
However, the Superior Court chose to vacate the order dismissing the complaint and to remand the case back to the trial court. In doing so, the Superior Court raised more questions than answers. The court stated that “because appellee entered pleas of guilty to the summary offenses, the record does not disclose the nature of the conduct upon which the Commonwealth would have relied to prove the charges against appellee. Unlike . . . Grady ... in which the actions upon which the state intended to base the subsequent prosecution were revealed in terms specific enough to enable the court to determine that respondent had already been prosecuted for the same conduct.” Labette, supra.
Thjs was the court’s holding, despite similarity between the two cases. Both cases involved tragic accidents and charges which were complicated by the disposition citations which were issued. In both cases, the defendant pled guilty to the summary offenses. In Grady, the prosecutor filed a bill of particulars which indicated that the conduct the state would rely to convict the defendant of homicide by vehicle was the failure to drive to the right of the median and driving under the influence. The United States Supreme Court stated in a footnote that “[application of the test we adopt today will *152 not depend, as Justice Scalia’s dissent argues, on whether the indictment ‘happens to show that the same evidence is at issue’ or whether the jurisdiction ‘happen[s] to require the prosecution to submit a bill of particulars that cannot be exceeded.’ ” Grady, supra, 109 L.Ed.2d at 565, n.14.
The Commonwealth’s reliance on the Labelle case is misplaced, as Grady was not briefed for the Labelle court’s consideration, and the Superior Court remanded the case back to the trial court for further proceedings, with no decision made resolving the double jeopardy issue.
For the above-mentioned reasons we will grant defendant’s motion to dismiss on double jeopardy grounds.
ORDER
And now, October 24, 1990, upon consideration of the record, memoranda and argument of counsel, this court orders and decrees that defendant’s motion to dismiss the complaint is hereby granted.