**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Scott CARR, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 3, 2005.

Filed Nov. 10, 2005.

Gerald A. Lord, York, for appellant.

Peter M. Vaughn, Asst. Dist. Atty., York, for Com., appellee.

BEFORE: DEL SOLE, P.J., KLEIN and BECK, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 In this appeal following Appellant's conviction and sentencing for driving under suspension, DUI related, Appellant raises three issues.

¶ 2 First, he claims that the evidence was insufficient to establish he was the operator of the vehicle registered in his name. We disagree. As the trial court correctly found from the evidence, the arresting officer followed Appellant's vehicle into a parking lot and within three seconds observed Appellant exit the driver's side door. A reasonable inference can be made from this finding that Appellant was the operator of the vehicle.

¶ 3 Appellant next claims that he was improperly stopped by the police. However, the trial court found that the police officer did not stop Appellant. The record supports this finding. Appellant stopped and exited his vehicle of his own volition. Once the officer saw Appellant exit the driver's side, knowing that his operating privileges were suspended, he permissibly acted.

¶ 4 Appellant's third claim concerns the introduction of a JNET report. At trial, over objection, the arresting officer produced Appellant's driving record via a report from the Pennsylvania Justice Network ("JNET") obtained by the officer's superior through the state computer system. We are asked to determine if a JNET printout of the Pennsylvania Department of Transportation's ("PennDOT") records is admissible under these circumstances. We hold it is.

¶ 5 JNET, the Commonwealth's system of providing immediate justice information to law enforcement agencies, is designed to insure accuracy of information and facilitate the dissemination of this information in a timely and electronic manner. The Legislature has recognized the advantages of Internet access to assist law enforcement. Specifically, 75 Pa.C.S.A. § 6328 provides for the admissibility of electronically transmitted PennDOT records in court proceedings when offered by an authorized user. The statute further defines local police as authorized users.[1] While a local police department may designate specific individuals as registered users for purposes of accessing JNET, information received as a result of that access can be presented in court by any member of the department because the department is, by statute, defined as an authorized user. Accordingly, the trial court did not err in permitting the officer to produce Appellant's driving record via a JNET report.

¶ 6 Judgment of sentence affirmed.

---

1. The full text of the statute is as follows:

The department [PennDOT] may send to any authorized user, by electronic transmission, any certification of record or abstract of records maintained by the department. Permissible uses shall include, but not be limited to, certifications of driving records and motor vehicle records. The department may also certify electronically any documents certified to it electronically. Authorized users include State and local police, district attorneys, employees of the department and the Office of Attorney General and other persons or entities as determined by the department and listed by notice in the Pennsylvania Bulletin. In any proceeding before the courts or administrative bodies of this Commonwealth, documents certified by the department under this section and offered into evidence by an authorized user shall be admissible into evidence.