J-S42025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES J. SEVERINO, JR. | |
| Appellant | No. 1856 WDA 2013 |

Appeal from the Judgment of Sentence October 23, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-SA-0000925-2013

BEFORE:  PANELLA, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED SEPTEMBER 15, 2014**

Appellant James Severino, Jr. appeals the judgment of sentence imposed on October 23, 2013, following his conviction for driving while operating privilege is suspended or revoked – DUI related.[1]  After careful review, we reverse and discharge Appellant.

The trial court summarized the procedural posture, facts, and trial testimony as follows:

> [Appellant] filed a summary appeal from a citation for driving while his operator's privilege was suspended for a DUI related offense in violation of 75 Pa.C.S.A. § 1543(b).  Following a *de novo* hearing on October 23, 2013, the [c]ourt found [Appellant] guilty and imposed a sentence of 60 days in the Allegheny County Jail, time served, and a fine in the amount of $500 plus costs.  [Appellant] filed a timely appeal to the

_____

[1] 75 Pa.C.S. § 1543(b)(1).

Pennsylvania Superior Court from the [c]ourt's Order of October 23, 2013.

At the *de novo* hearing, [Appellant] was represented by counsel from the Allegheny County Office of the Public Defender. Allegheny County Sheriff's Deputy, Randy Grossman, testified that on February 22, 2013, he stopped [Appellant] after he observed [Appellant] fail to use signals when changing lanes on the road. Deputy Grossman asked [Appellant] for his driver's license but [Appellant] failed to produce it. [Appellant] provided Deputy Grossman with his name, date of birth and a Social Security number. The Deputy checked the [Appellant's] information through the Allegheny County Sheriff's Warrant Office and found that the Social Security number did not match the name and date of birth provided by [Appellant]. Deputy Grossman returned and again requested [Appellant's] Social Security number and [Appellant] provided the same, incorrect number.

[Appellant] finally provided a Pennsylvania Identification Card bearing the same number as his driver's license. Deputy Grossman ran the number on [Appellant's] identification card through J-Net and called the Allegheny County Sheriff's Warrant Office. Deputy Grossman found that [Appellant's] driver's license was suspended for a DUI related offense. [Appellant] confirmed to Deputy Grossman that his license was suspended and explained that was the reason he provided the Deputy with false information. Deputy Grossman identified [Appellant] as the [driver of the car that changed lanes without signaling] on February 22, 2013.

[Appellant] acknowledged that he had heard Deputy Grossman's testimony. He then asserted his Fifth Amendment right not to answer any further questions.

The Commonwealth was unable to enter the certified copy of [Appellant's] driving record into evidence because upon request to provide [Appellant's] driving record, the Department of Transportation responded that due to the size of the record, the data was unable to be transmitted. The certified copy of the Department's response was admitted into evidence.

Trial Court 1925(a) Opinion, February 4, 2013 ("1925(a) Opinion"), pp. 1-2

(record citations omitted).

On October 23, 2013, the court convicted Appellant of driving while operating privilege is suspended or revoked – DUI related. On the same day, the court sentenced Appellant as previously stated. Appellant did not file post-sentence motions, and instead filed a notice of appeal on November 22, 2013.[2] The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal and Appellant timely complied. The trial court filed its 1925(a) Opinion on February 4, 2013.

Appellant raises three issues[3] for our review:

[1.] Was trial counsel ineffective for failing to properly investigate, review and communicate with [Appellant] on the defense of his case as [Appellant] believes he was subject only to a conviction under 75 Pa.C.S. § 1543(a)?

[2.] Was trial counsel ineffective for failing to object to the court's failure to give [Appellant] his absolute right to allocution at the time of sentencing?

[3.] Was the evidence sufficient to find [Appellant] guilty of 75 Pa.C.S. § 1543(b) when the Commonwealth failed to prove [Appellant] was under a DUI suspension at the time of the current issue in question?

Appellant's Brief, p. 5 (all capitals omitted).

_____

[2] On November 6, 2013, while still represented by counsel, Appellant filed a *pro se* notice of appeal. His counsel, the Allegheny County Public Defender's Office, also filed a timely notice of appeal on November 22, 2013. However, because both notices were timely filed, we will apply the filing date of counsel's notice of appeal to avoid hybrid representation problems. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa.1993) (noting there is no constitutional right to hybrid representation either at trial or on appeal).

[3] This Court has re-numbered Appellant's claims, which otherwise remain as stated by Appellant.

We address Appellant's third issue first, as our determination thereon is dispositive. Appellant's third issue argues that the Commonwealth failed to introduce sufficient evidence to sustain his conviction for driving while operating privilege is suspended or revoked. *See* Appellant's Brief, pp. 31-33. Specifically, Appellant argues that the Commonwealth's failure to introduce his certified Pennsylvania Department of Transportation ("PennDOT") driving record necessitates a determination that the Commonwealth failed to prove his license suspension was DUI-related as required for a conviction under 75 Pa.C.S. § 1543(b). *Id.* at 32-33. We agree that the Commonwealth failed to prove Appellant's license suspension was DUI-related.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and

- 4 -

the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011).

The trial court convicted Appellant of violating Section 1543(b) of the Vehicle Code, which states:

> (1)   A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S. § 1543(b).  Thus, to convict a defendant of a violation of Section 1543(b), the Commonwealth must produce evidence that proves that a defendant (1) operated a motor vehicle, (2) while his operating privilege is suspended or revoked for a DUI-related reason.

As the Commonwealth notes, while the introduction of a defendant's certified driving record is the usual manner in which a DUI-related suspension is proved, it is not the only method to prove a DUI-related

reason for a suspension. *See* Commonwealth Brief, pp. 17-18. Pennsylvania Justice Network ("JNET")[4] records entered into evidence can prove a DUI-related suspension. *See Commonwealth v. Carr*, 887 A.2d 782, 783 (Pa.Super.2005). A defendant's admission that his license was suspended for a DUI-related reason can also prove the fact. *See Commonwealth v. Herb*, 852 A.2d 356, 361 (Pa.Super.2004) (circumstantial evidence sufficient in Section 1543(b) case where defendant admitted that his license was DUI-suspended and that he drove the vehicle).

Here, upon review of the record and all the evidence actually received, we conclude that the admitted competent evidence was not sufficient to sustain Appellant's conviction for driving while operating privilege is suspended or revoked – DUI related. The trial testimony revealed that, after repeatedly providing incorrect information designed to mislead the police, Appellant produced an identification card bearing his correct information. *See* N.T. 10/23/2013, pp. 8-10. Using the identification card, the police ran Appellant's information through JNET and determined that Appellant's license was suspended for a DUI-related reason. *Id.* at 10. Appellant then admitted his license was suspended and that he had provided fake information to avoid detection for operating a motor vehicle while his license

_____

[4] *See Commonwealth v. Carr*, 887 A.2d 782, 783 (Pa.Super.2005) (noting information contained in JNET reports and information contained in PennDOT records was equivalent).

was suspended. *Id.* at 10, 13. However, the trial testimony did not establish that Appellant admitted that his suspension was for a DUI-related reason. *See id.* Additionally, the Commonwealth did not admit a printout of the JNET records into evidence, but instead relied on the police officer's testimony about the contents of those records, which is hearsay. Further, the Commonwealth admitted into evidence only PennDOT's explanation of why it had not electronically transmitted Appellant's certified driver history, not the certified driver history records themselves.[5] *See id.* at 6-7.

In sum, because no evidence indicating that Appellant's suspension was DUI-related was actually received in the record, the Commonwealth failed to establish every element of Section 1543(b) beyond a reasonable doubt. Consequently, the trial court committed an error of law in concluding that the evidence was sufficient to sustain a conviction for driving while operating privilege is suspended or revoked – DUI related.

---

[5] The Commonwealth argues it "was unable to introduce [A]ppellant's certified driving record because it had not been transmitted from PennDOT." *See* Commonwealth Brief, p. 19. We find this claim unconvincing. The PennDOT document that the Commonwealth did admit into evidence (a) explained that the size of Appellant's certified driver history records was too large for electronic transmission, and (b) provided instructions as to how the Commonwealth could obtain the certified driving record by faxing a request for the same. *See* PennDOT Bureau of Driver Licensing Certified Driver History Request Response. That the Commonwealth did not follow the instructions and extra steps necessary to obtain a copy of Appellant's certified driver history from PennDOT does not equal an inability to do so.

Having determined that the evidence was not sufficient to support Appellant's conviction under Section 1543(b), we are compelled to reverse Appellant's judgment of sentence. Moreover, as he was convicted of no other offenses in this case, Appellant is ordered discharged forthwith.

Judgment of sentence reversed. Appellant discharged.

Judge Musmanno joins in this memorandum.

Judge Panella files a dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2014