J-S67033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| | : | |
| ROLANDO HORSFORD | : | |
| | : | |
| Appellant | : | No. 242 EDA 2017 |

Appeal from the Judgment of Sentence December 1, 2016
in the Court of Common Pleas of Carbon County
Criminal Division at No(s):  CP-13-SA-0000043-2016

BEFORE:   OTT, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 14, 2019**

Rolando Horsford (Appellant) appeals from the judgment of sentence

imposed following his conviction for the summary offense of driving without

a valid driver's license.  We affirm.

As accurately summarized by the trial court,

[t]he facts, when viewed most favorably to the Commonwealth
as verdict winner, begin on June 8, 2016[,] when Corporal
Shawn Nunemacher of the Lansford Police Department received
a call from dispatch concerning an unrelated incident. Corporal
Nunemacher testified that while responding to that call, he
noticed a Chrysler sedan with tinted windows. Corporal
Nunemacher recognized this automobile as the same vehicle
from previous traffic stops he had made which also involved
[Appellant].  He recalled that earlier in the year he stopped
[Appellant] and ultimately cited him for operating a vehicle
without a valid driver's license.  Corporal Nunemacher then
followed the vehicle until it stopped at a local convenience store.
A few seconds after [Appellant] parked and the marked police
cruiser pulled up behind [Appellant's] vehicle, Corporal
Nunemacher observed [Appellant] exit the vehicle from the
driver's seat. The corporal then watched [Appellant] walk from
his car into the convenience store.  At that time, Corporal

_____
* Retired Senior Judge assigned to the Superior Court.

Nunemacher and his partner proceeded on to the call that they were originally responding to prior to spotting [Appellant's] vehicle. Later that day, Corporal Nunemacher returned to the Lansford police station, printed a certified copy of [Appellant's] suspended driver's license, and sent [Appellant] a traffic citation *via* the United States Postal Service. [T]he citation was issued for violating 75 Pa.C.S.[] § 1501(a) -driving without a license. The June 8, 2016 citation is [Appellant's] third violation of 75 Pa.C.S.[] § 1501(a) within the past seven [] years[,] which triggers enhanced penalties pursuant to 75 Pa.C.S.[] § 6503(b). Appellant's prior violations occurred on August 29, 2009, and January 6, 2016, respectively.

Supplemental Trial Court Opinion, 8/17/2017, at 2-3.

The district magistrate judge found Appellant guilty *in abstentia* of driving without a valid license. Appellant, who was in jail at the time of the hearing, petitioned and received the right to reinstate *nunc pro tunc* an appeal *de novo*. The case then proceeded to a *de novo* hearing before the trial court on December 1, 2016, wherein Appellant was represented by privately-retained counsel. After hearing the testimony of Corporal Nunemacher and Appellant, the trial court found Appellant guilty of driving without a valid driver's license pursuant to 75 Pa.C.S. § 1501(a). The trial court applied the enhanced penalties set forth in 75 Pa.C.S. § 6503, and sentenced Appellant in open court at the conclusion of the hearing to pay a $1,000 fine and serve 45 to 90 days of imprisonment.

Appellant *pro se* filed a notice of appeal on December 27, 2016. This court granted the motion to withdraw filed by Appellant's privately-retained counsel and instructed the trial court to determine Appellant's eligibility for court-appointed counsel. Following a hearing, the trial court appointed

counsel, who petitioned this Court to remand this matter to the trial court to permit Appellant to file a supplemental concise statement pursuant to Pa.R.A.P. 1925(b). This Court granted the petition, Appellant filed a counseled supplemental concise statement, and the trial court filed a supplemental opinion pursuant to Pa.R.A.P. 1925(a). The matter is now ready for our review.

On appeal, Appellant sets forth two issues, which we will consider out of order for ease of disposition. Appellant's Brief at 4. We first address his argument that the evidence was insufficient to convict Appellant of driving without a valid license by using the following standard.

> Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary. When reviewing the sufficiency of the evidence, this Court is tasked with determining whether the evidence at trial, and all reasonable inferences derived therefrom, [is] sufficient to establish all elements of the offense beyond a reasonable doubt when viewed in the light most favorable to the Commonwealth[.] The evidence need not preclude every possibility of innocence….

**Commonwealth v. Walls**, 144 A.3d 926, 931 (Pa. Super. 2016) (internal citations and quotation marks omitted).

"This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." **Commonwealth v. Antidormi**, 84 A.3d 736, 756 (Pa. Super. 2014). "Although a conviction must be based on 'more than mere suspicion or

conjecture, the Commonwealth need not establish guilt to a mathematical certainty.'" ***Commonwealth v. Thomas***, 194 A.3d 159, 166 (Pa. Super. 2018) (citation omitted). Credibility of witnesses and the weight of the evidence produced is within the province of the trier of fact, who is free to believe all, part, or none of the evidence. ***Commonwealth v. Scott***, 146 A.3d 775, 777 (Pa. Super. 2016).

In order to prove Appellant was guilty of driving without a valid license, the Commonwealth needed to prove that Appellant was driving a motor vehicle upon a highway or public property in the Commonwealth without a driver's license valid under the provisions of the Vehicle Code. ***See*** 75 PaC.S. § 1501(a) ("No person, except those expressly exempted, shall drive any motor vehicle upon a highway or public property in this Commonwealth unless the person has a driver's license valid under the provisions of this chapter.").

Appellant's sufficiency challenge is simple: he claims that the Commonwealth's case, which relied upon circumstantial evidence, was insufficient to prove beyond a reasonable doubt that he was driving. Appellant's Brief at 15-16. Appellant points to Corporal Nunemacher's testimony that due to the car's tinted windows, he could not see into the car while it was moving to observe who was driving. ***Id.*** According to Appellant, because there were two people in the car, and Appellant testified his brother was driving, not him, it is equally likely that Appellant's brother

was driving the car, and thus the Commonwealth failed to establish beyond a reasonable doubt that Appellant was the driver. *Id.*

Here, the trial court deemed the Commonwealth's evidence to be sufficient to establish the elements of the foregoing crime, relying upon the following facts established through Corporal Nunemacher's testimony: Corporal Nunemacher recognized Appellant's vehicle from a previous traffic stop where he cited Appellant for operating a vehicle without a valid license; he followed the vehicle, and observed it driving on the roadway and then pulling into a convenience store parking lot; he pulled his police vehicle behind the vehicle he was following, and observed Appellant exit the vehicle from the driver's side seconds after the vehicle stopped; and later that same day, he obtained the certified record establishing that Appellant's driver's license was suspended. Supplemental Trial Court Opinion, 8/17/2017, at 8-9.

Based upon Corporal Nunemacher's testimony, which the trial court credited, we find this case to be indistinguishable from **Commonwealth v. Carr**, 887 A.2d 782 (Pa. Super. 2005). In that case, this Court reviewed the trial court's finding that the arresting officer followed Carr's vehicle into a parking lot and "within three seconds observed [Carr] exit the driver's side door." *Id.* at 783. This Court held that "[a] reasonable inference can be made from this finding that [Carr] was the operator of the vehicle." *Id.* This is the same situation here; Appellant's quick exit from the driver's side

door after the car pulled into the parking lot is enough to establish circumstantially that Appellant was driving the vehicle, regardless of how many people were in the car. Furthermore, the trial court was entitled to credit Corporal Nunemacher's testimony over Appellant's, and because the Commonwealth is the verdict winner, Appellant's testimony that he was not driving and Corporal Nunemacher could not have observed him exiting the car is of no significance. Accordingly, the trial court did not err in concluding that the Commonwealth established all of the elements of 75 Pa.C.S. § 1501(a).

We turn now to Appellant's second issue, which presents a procedural due process challenge to 75 Pa.C.S. § 6503, which is a statute imposing an enhanced sentence to recidivist offenders. Appellant's Brief at 9-14.

As described *supra*, Appellant was convicted for driving without a valid license pursuant to 75 Pa.C.S. § 1501(a). Because he was a repeat offender, the trial court sentenced Appellant pursuant to 75 Pa.C.S. § 6503(b), which provides as follows.

> Every person convicted of a second or subsequent violation of [sub]section 1501(a) (relating to drivers required to be licensed) within seven years of the date of commission of the offense preceding the offense for which sentence is to be imposed shall be sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both.

75 Pa.C.S. § 6503(b).

Appellant does not contest his status as a repeat offender. Instead, he claims that subsection 6503(b) violates his rights of procedural due process guaranteed by the United States and Pennsylvania Constitutions. Appellant's Brief at 9. In Appellant's view, it is unconstitutional for the legislature to subject repeat offenders to a penalty that is consistent with a misdemeanor of the third degree for a violation of a summary offense. *Id.* at 10-14. Specifically, he argues "a defendant convicted under [s]ection 1501 with a sentence enhancement under [s]ection 6503 is facing a deprivation of his or her liberty consistent with a misdemeanor yet is provided with [the] lesser procedural protections for summary offenses." *Id.* at 13.

> Our Supreme Court has described procedural due process as follows.
>
> In terms of procedural due process, government is prohibited from depriving individuals of life, liberty, or property, unless it provides the process that is due. While not capable of an exact definition, the basic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case. Thus, courts examine procedural due process questions in two steps: the first asks whether there is a life, liberty, or property interest that the state has interfered with; and the second examines whether the procedures attendant to that deprivation were constitutionally sufficient.

*Commonwealth v. Turner*, 80 A.3d 754, 764 (Pa. 2013) (internal citations and quotation marks omitted).

"There is … a strong and fundamental presumption that the legislature has acted within constitutional bounds. Consequently, one challenging the

constitutionality of a legislative enactment bears the heavy burden of demonstrating that it clearly, plainly and palpably violates some specific mandate or prohibition of the constitution." ***Commonwealth v. Parker White Metal Co.***, 515 A.2d 1358, 1362 (Pa. 1986).

Upon review, we conclude that Appellant has failed to meet this heavy burden. First, Appellant has waived this issue. Although Appellant's prior counsel generally alluded to this issue at the *de novo* hearing, **see** N.T., 12/1/2016, at 28, he never raised a constitutional argument before the trial court. Thus, the first time Appellant's constitutional challenge appears is in his supplemental concise statement. "Even issues of constitutional dimension cannot be raised for the first time on appeal." ***Commonwealth v. Strunk***, 953 A.2d 577, 579 (Pa. Super. 2008). Thus, Appellant has waived this issue. ***Id.***; Pa.R.A.P. 302(a).

Second, even if Appellant did not waive this issue, he has failed to convince us that he has been deprived of due process. The legislature has the "exclusive power to pronounce which acts are crimes, to define crimes, [] to fix the punishment for all crimes[,]" and "to classify crimes." ***Commonwealth v. Davis***, 618 A.2d 426, 428 (Pa. Super. 1992). Subsection 6502(a) of the Vehicle Code establishes that all violations of Title 75 are graded as a summary offense, "unless the violation is by this title or other statute of this Commonwealth declared to be a misdemeanor or felony." 75 Pa.C.S. § 6502(a). The legislature has designated expressly

that a violation of subsection 1501(a) is a summary offense that is punishable by a fine of $200. 75 Pa.C.S. § 1501(d) ("Any person violating subsection (a) is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200….").

The legislature elected to enhance the penalties for repeat offenders of subsection 1501(a) by expanding the range of fines from $200 at a minimum to $1,000 at a maximum, including a term of imprisonment for not more than six months, or imposition of both a fine and imprisonment. 75 Pa.C.S. § 6503(a). Ordinarily, this would alter the grade of the offense, because the Crimes Code in Title 18 specifies that any offense that imposes a fine up to $1,000 and/or imprisonment of up to six months is deemed to be a misdemeanor of the third degree. **See** 18 Pa.C.S. § 106(c) and (e). "However, ... [sub]section 6502(c) [of the Vehicle Code] specifically states that [Title 18's] classification 'as it relates to fines and imprisonment for convictions of summary offenses, is not applicable to [Title 75].'" **Commonwealth v. Postie**, 110 A.3d 1034, 1042 n.10 (Pa. Super. 2015) (citing 75 Pa.C.S. § 6502(c)). As a result, this Court has held repeatedly that the underlying offense remains a summary offense, notwithstanding the increased penalties. **Commonwealth v. Lyons**, 576 A.2d 1105, 1106 (Pa. Super. 1990) (*en banc*) (concluding that the legislature intended to grade all violations of the Vehicle Code as "summary offenses unless otherwise expressly classified by statute," even if the Vehicle Code subjects repeat

offenders to penalties that are consistent with misdemeanors); *Postie*, 110 A.3d at 1042 n.10 (explaining that even though Postie was appealing his twentieth conviction of a summary offense under the Vehicle Code, it remained a summary offense under the code); *Commonwealth v. Soboleski*, 617 A.2d 1309, 1311 (Pa. Super. 1993) (explaining that section 6503 is a penalty enhancement provision, not a separately chargeable offense, and the nature and grade of the underlying Vehicle Code offense remains the same despite the enhanced penalties); *Commonwealth v. Bernal*, 600 A.2d 993, 995 (Pa. Super. 1992) (relying on *Lyons* and 75 Pa.C.S. § 6502(c) to conclude that an offense expressly classified as a summary offense remains so "notwithstanding the penalty enhancement" for repeat offenders).

While Appellant baldly claims the procedural protections afforded to those accused of summary offenses do not adequately protect his liberty interest and create a risk of erroneous conviction, he fails to explain how providing enhanced procedural protections would affect those subject to the penalty enhancement.[1]  Appellant was afforded notice of the enhancement on the traffic citation, and had the opportunity to be heard and defend himself at a *de novo* hearing before the trial court.  Often application of the

---

[1] Appellant does not cite any cases in which either this Court or our Supreme Court has concluded that the repeat offender penalty enhancement provision in the Vehicle Code violates a defendant's due process rights.

penalty enhancement is quite straightforward and involves a calculation of whether the defendant committed the specified offense within the specified lookback period. The Commonwealth may establish the applicability of the penalty enhancement by obtaining a certified record of conviction, which is "admissible in any court of law without any need for further documentation." 75 Pa.C.S. § 6501. This is consistent with what happened in this case. *See* N.T., 12/1/2016, at 10-11 (introducing into evidence without objection Appellant's certified driving record showing his prior convictions). Thus, Appellant has failed to convince this Court that the imposition of enhanced penalties pursuant to subsection 6503(b) violated his procedural due process rights.

Based on the foregoing, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/19